UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**HARRISON A. PARFAIT, JR.**  CIVIL ACTION

**VERSUS**  NO. 16-16362

**TERREBONNE PARISH**  SECTION: "R"(3)
**CONSOLIDATED GOVERNMENT**

### REPORT AND RECOMMENDATION

Plaintiff, Harrison A. Parfait, Jr., a state pretrial detainee, filed this federal civil rights action pursuant to 42 U.S.C. § 1983 against the Terrebonne Parish Consolidated Government.[1] In his complaint, plaintiff's statement of his claim, in its entirety, is as follows (without corrections to spelling or grammar):

> I Harrison A. Parfait Jr. was arrested on October 18, 2014. I told medical that I had sleep apnia. I had the test done in 2012 the doctor call me with the results of the test. Within 5 hour I stop breathing 136 times. The doctor order a cpap machine for me. He also said if I didn't use the machine within two years I would stop breathing and cacth a master heart atack I reported it to medical here at the Terrebonne Parish Sheriff Office and they told me there ain't no way to provide me the machine I needed. And I been sending medical requestes that I have chest pains at night and gotten no results from them back.[2]

The defendant filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[3] Plaintiff filed a response in opposition.[4] For the following reasons, it is now recommended that the motion be granted.

Rule 12(b)(6) allows a defendant to move for expeditious dismissal when a plaintiff fails to state a claim upon which relief can be granted. The United States Supreme Court has held:

---

[1] The defendant is incorrectly named in the complaint as "Terrebonne Parish Consulate Government."
[2] Rec. Doc. 4-1, p. 4.
[3] Rec. Doc. 16.
[4] Rec. Docs. 22 and 23.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that *the defendant is liable for the misconduct alleged*. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are *merely consistent with a defendant's liability*, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted; emphasis added). As the defendants correctly argue, plaintiff's allegations fail to meet this standard because the statement of his claim fails to allege that the only named defendant, the Terrebonne Parish Consolidated Government, took any action which resulted in the violation his constitutional rights.[5]

A local government, such as the Terrebonne Parish Consolidated Government in this action, cannot be held vicariously liable under 42 U.S.C. § 1983 for the acts of its employees. Hinojosa v. Livingston, 807 F.3d 657, 668 (5th Cir. 2015) ("[T]he Supreme Court held that claims against local governments premised on a theory of *respondeat superior* liability are not cognizable under § 1983."); Snyder v. Trepagnier, 142 F.3d 791, 795 (5th Cir. 1998) ("[T]he [Supreme] Court held that a local government may not be held liable under *respondeat superior* for constitutional torts committed by a municipal employee."). "Instead, '[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible

---

[5] Because dismissal is warranted on this basis, the undersigned need not address the alternative ground for dismissal argued by the defendant in its motion.

under § 1983.'" Id. (quoting Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658, 694 (1978)).

Therefore, as the United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, *a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted*. To satisfy the cause in fact requirement, *a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom.* The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted; emphasis added). Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009). Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3. In the instant case, plaintiff does not allege that his constitutional rights were violated as a result of a policy or custom of the Terrebonne Parish Consolidated Government, much less identify such a policy or custom. Accordingly, he has failed to state a proper claim against that defendant. The claim against the Terrebonne Parish Consolidated Government should therefore be dismissed.

Out of an abundance of caution, the undersigned notes that plaintiff has also filed another lawsuit regarding the jail's failure to provide him with a sleep apnea machine: Parfait v.

Dominque, Civ. Action No. 17-738 "R"(3).  In that lawsuit, plaintiff sued two nurses at the jail: Ms. Dominique and Ms. Renea.  **That case currently remains pending and is in no way addressed in or affected by this Report and Recommendation.  The claims against the two nurses in their individual capacities in that separate lawsuit will be addressed once they have responded to plaintiff's complaint.**

## RECOMMENDATION

It is therefore **RECOMMENDED** that the defendant's motion to dismiss, Rec. Doc. 16, be **GRANTED** and that plaintiff's claims against the Terrebonne Parish Consolidated Government be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this sixteenth day of February, 2017.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

4