UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HARRISON A. PARFAIT, JR. | CIVIL ACTION |
| VERSUS | NO. 16-16362 |
| TERREBONNE PARISH CONSOLIDATED GOVERNMENT | SECTION "R" (3) |

## ORDER

Before the Court is plaintiff Harrison A. Parfait, Jr.'s prisoner complaint,[1] and his objections[2] to the Magistrate Judge's Report and Recommendation[3] that his claims against the Terrebonne Parish Consolidated Government be dismissed without prejudice for failure to state a claim upon which relief can be granted.[4] The Court, having reviewed *de novo* the complaint, the record, the applicable law, the Magistrate Judge's Report and Recommendation, and Parfait's objections thereto, hereby approves the Magistrate Judge's Report and Recommendation and adopts it as its opinion.

---

[1]   R. Doc. 4.
[2]   R. Doc. 28.
[3]   R. Doc. 24.
[4]   *Id.* at 3-4.

On November 23, 2016, Parfait filed his complaint against defendant under 42 U.S.C. § 1983. Plaintiff alleges that he suffers from sleep apnea and needs to be treated with a CPAP machine or he could suffer a heart attack.[5] He further alleges that despite notifying defendant of his sleep apnea and need for treatment, defendant refuses to grant plaintiff access to the machine.[6]

On January 17, 2017, defendant moved to dismiss plaintiff's complaint.[7] The Magistrate Judge recommended granting defendant's motion because plaintiff failed to allege that his constitutional rights were violated as a result of a policy or custom of defendant, much less identify such a policy or custom.[8]

Parfait filed four objections to the Magistrate Judge's Report and Recommendation.[9] First, he argues that the nurse who allegedly denied him treatment told Parfait that she was acting in accordance with defendant's custom and policy.[10] Second, he argues that regardless of any custom or policy, defendant should be liable because the workers who allegedly harmed

---

[5]  R. Doc. 4-1 at 4.
[6]  *Id.*
[7]  R. Doc. 16.
[8]  R. Doc. 24 at 3.
[9]  R. Doc. 28.
[10] *Id.* at 1-2.

Parfait were hired by and work for the Terrebonne Parish Consolidated Government.[11]  Third, he argues that he is still being deprived of treatment, despite securing a doctor's recommendation for treatment, and despite that other prisoners allegedly have access to the CPAP machine he seeks.[12]  Finally, he requests legal assistance to help him further pursue his claims, which the Court construes as a motion to appoint legal counsel.[13]

Parfait's objections are meritless.  For the sake of clarity, the Court will address plaintiff's objections out of order.  First, plaintiff's argument that regardless of any policy or custom, defendant should be liable, flatly contradicts Supreme Court precedent.  As the Magistrate Judge correctly pointed out, municipal entities like the Terrebonne Parish Consolidated Government cannot be vicariously liable under 42 U.S.C. § 1983 for their employees' acts.  *See, e.g., Connick v. Thompson*, 563 U.S. 51, 60 (2011); *Hinojosa v. Livingston*, 807 F.3d 657, 668 (5th Cir. 2015).  Holding defendant liable for the acts of its employees simply because of the employer-employee relationship is clearly impermissible under section 1983.

Second, plaintiff's remaining two objections are based on allegations that were not contained in his complaint and therefore not before the

---

[11]    *Id.* at 2-3.
[12]    *Id.* at 3-5.
[13]    *Id.* at 5-6.

Magistrate Judge when he made his Report and Recommendation. Facts and issues raised for the first time in a prisoner's objections a Magistrate Judge's Report and Recommendation are not properly before the district court. *Flores v. Scott*, 58 F.3d 637, 1995 WL 371237, at *2 (5th Cir. June 9, 1995); *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992). Therefore, the Court need not address plaintiff's new allegations.[14]

Lastly, plaintiff requests legal counsel. A pro se, civil rights plaintiff is not entitled to appointed counsel absent "exceptional circumstances." *Lempar v. Livingston*, 463 F. App'x 268, 269-70 (5th Cir. 2012) (citing *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982)). Whether exceptional circumstances exist generally depends on two considerations—"the type and complexity of the case, and the abilities of the individual bringing it." *Id.* Plaintiff's claims do not present any extraordinary circumstances, as the facts of his case are relatively simple and not atypical of other pro se civil rights claims. *See Krause v. Leonard*, 352 F. App'x 933, 937 n.19 (5th Cir. 2009).

---

[14] Further, plaintiff's allegations that other prisoners have access to the CPAP machine undercuts any suggestion that defendant has a policy or custom of denying prisoners access to this treatment.

4

Accordingly, Parfait's claims against the Terrebonne Parish Consolidated Government are DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this __4th__ day of April, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE