# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HARRISON A. PARFAIT, JR. | CIVIL ACTION |
| VERSUS | NO. 16-16362 |
| TERREBONNE PARISH CONSOLIDATED GOVERNMENT | SECTION "R" (3) |

## ORDER AND REASONS

Before the Court are plaintiff Harrison A. Parfait, Jr.'s motion for extension of time and to produce the R&R report,[1] and his motion to appoint counsel.[2] For the following reasons, the Court denies the motions.

On November 23, 2016, Parfait filed his complaint against defendant Terrebonne Parish Consolidated Government under 42 U.S.C. § 1983.[3] Plaintiff alleges that he suffers from sleep apnea and needs to be treated with a CPAP machine or he could suffer a heart attack.[4] He further alleges that despite notifying defendant of his sleep apnea and need for treatment, defendant refused to grant plaintiff access to the machine.[5] On January 17,

---

[1] R. Doc. 48.
[2] R. Doc. 52.
[3] R. Doc. 4.
[4] *Id.* at 3-4.
[5] *Id.*

2017, defendant moved to dismiss plaintiff's complaint.[6] After Parfait responded to this motion, the Magistrate Judge recommended dismissing the complaint for failure to state a claim.[7] Parfait filed objections to the Magistrate Judge's Report and Recommendation.[8] On April 4, 2017, the Court adopted the Report and Recommendation and dismissed Parfait's complaint without prejudice.[9] Parfait then filed a motion to amend his complaint on June 21, 2018,[10] which the Court denied because a post-judgment amendment was not permissible in plaintiff's circumstances.[11] Parfait's appeal of this order to the Fifth Circuit is currently pending.[12]

Parfait now seeks court appointed counsel for the appeal.[13] There is no general right to counsel in civil rights actions. *McFaul v. Valenzuela*, 684 F.3d 564, 581 (5th Cir. 2012) (citing *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987)). A district court should not appoint counsel simply because appointment of counsel would be beneficial. *See Saulsberry v. Edwards*, No. 07–5395, 2007 WL 4365394, at *2 (E.D. La. Dec. 11, 2007) (citing *Norton v.*

---

[6] R. Doc. 16.
[7] R. Doc. 24.
[8] R. Doc. 28.
[9] R. Doc. 29.
[10] R. Doc. 42.
[11] R. Doc. 45.
[12] R. Doc. 46.
[13] R. Doc. 52.

*Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997)). Instead, a district court should appoint counsel only if exceptional circumstances exist. *See, e.g., McFaul*, 684 F.3d at 86 (citing *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982); *Norton*, 122 F.3d at 293).

District courts consider four factors when deciding whether exceptional circumstances exist in a particular case: (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether plaintiff is in a position to adequately investigate the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination. *Ulmer*, 691 F.2d at 213. None of the *Ulmer* factors weigh in favor of appointing counsel in this case. His claim is not legally complex; his advocacy thus far demonstrates that he is capable of adequately presenting and investigating the case; and nothing in the record indicates that skill in presentation or cross-examination is required to litigate his claims. Accordingly, the Court denies his motion to appoint counsel.

Parfait also seeks a 90 day extension to answer the Magistrate Judge's Report and Recommendation and for the Court to re-submit the Magistrate Judge's Report and Recommendation.[14] No extension or re-submission is

---

14 R. Doc. 48.

required, because Parfait has already responded to the Magistrate Judge's Report and Recommendation before the Court adopted it. The motion is therefore moot. For these reasons, plaintiff's motions are DENIED.

New Orleans, Louisiana, this __5th__ day of November, 2018.

         _____Sarah Vance_____
              SARAH S. VANCE
      UNITED STATES DISTRICT JUDGE