UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HARRISON A. PARFAIT, JR. | CIVIL ACTION |
| VERSUS | NO. 16-16362 |
| TERREBONNE PARISH CONSOLIDATED GOVERNMENT | SECTION "R" (3) |

### ORDER AND REASONS

Before the Court is plaintiff Harrison A. Parfait, Jr.'s motion for leave to appeal *in forma pauperis*.[1] Because Parfait does not state the basis for his appeal, the Court denies the motion.

### I.  BACKGROUND

On November 23, 2016, Parfait filed a complaint against defendant Terrebonne Parish Consolidated Government under 42 U.S.C. § 1983.[2] He alleged that defendant refused to grant plaintiff access to a CPAP machine to treat his sleep apnea in violation of his civil rights.[3] On April 4, 2017, the Court dismissed Parfait's complaint without prejudice for failure to state a

---

[1] R. Doc. 51.
[2] R. Doc. 4.
[3] *Id.*

claim.⁴ Parfait then filed a motion to amend his complaint on June 21, 2018,⁵ which the Court denied because a post-judgment amendment was not permissible in plaintiff's circumstances.⁶ On August 22, 2018, Parfait filed a notice of appeal,⁷ for which he seeks to proceed *in forma pauperis*.⁸

## II.  LEGAL STANDARD

A claimant may proceed with an appeal *in forma pauperis* if he meets three requirements.  First, the claimant must submit "an affidavit that includes a statement . . . that [he] is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  Based on this information, the district court must determine whether the costs of appeal would cause an undue financial hardship. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1998). Second, the claimant must provide the court with an affidavit that "states the issues that the party intends to present on appeal."  Fed. R. App. P. 24(a)(1)(C); *accord* 28 U.S.C. § 1915(a)(1) ("Such affidavit shall state the nature of the . . . appeal and affiant's belief that the person is entitled to redress."). Third, the claimant's appeal must be "taken in good faith."  28

---

4    R. Doc. 29.
5    R. Doc. 42.
6    R. Doc. 45.
7    R. Doc. 46.
8    R. Doc. 51.

U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(4)(B). "Good faith is demonstrated when a party seeks appellate review of any issue 'not frivolous.'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). Good faith "does not require that probable success be shown," but rather "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *United States v. Arroyo-Jurado*, 477 F. App'x 150, 151 (5th Cir. 2012). "A complaint is frivolous if it lacks an arguable basis either in law or in fact." *Kingery v. Hale*, 73 F. App'x 755 (5th Cir. 2003) (citing *Denton v. Hernandez*, 504 U.S. 25, 31-33 (1992)).

## III. DISCUSSION

Parfait's motion to proceed *in forma pauperis* suggests that he is unable to pay fees related to his appeal. The motion and supporting documentation indicate that Parfait's current inmate balance is $0.00 and that he has no other assets.[9]

The court nevertheless denies the motion because Parfait has not indicated which issues he intends to pursue on appeal.[10] A litigant who

---

9 *Id.* at 2.
10 R. Doc. 46.

3

wishes to proceed *in forma pauperis* in the Court of Appeals is required to provide the district court with an affidavit that "states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1)(C); *accord* 28 U.S.C. § 1915(a)(1). Without a statement of the issues that Parfait intends to pursue on appeal, the Court cannot determine whether his appeal is taken in good faith. *See, e.g.*, *Reeder v. U.S.*, No. 07-45, 2012 WL 965997, at *2 (E.D. La. Mar. 21, 2012); *Smith v. School Bd. of Brevard Cty*, No. 09-2033, 2010 WL 2026071, at *1 (M.D. Fla. May 20, 2010); *United States v. One 2000 Land Rover*, No. 07–382, 2008 WL 4809440, at *2 (S.D. Ala. Oct. 24, 2008). A litigant who fails to present arguments for appeal is considered to have abandoned those arguments. *McQueen v. Evans*, 1995 WL 17797616, at *2 (5th Cir. Oct. 11, 1995) (citing *Van Cleave v. United States*, 854 F.2d 82, 84-85 (5th Cir. 1988)). Parfait has failed to comply with the requirements for a motion to proceed *in forma pauperis*, and the Court thus deems him to have abandoned those arguments.

## IV. CONCLUSION

For the foregoing reasons, petitioner's motion for leave to appeal *in forma pauperis* is DENIED.

New Orleans, Louisiana, this __4th__ day of December, 2018.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE